## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SIERRA MICROPRODUCTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARRIA NLG,<br><br>Defendant. | Civil Action No.<br><br>23-cv-20869 (SDW) (JRA)<br><br>**REPORT & RECOMMENDATION**<br><br>NOT FOR PUBLICATION |

**THIS MATTER** comes before the Court on an unopposed motion by Plaintiff Sierra Microproducts, Inc. ("Plaintiff") to enforce a settlement agreement allegedly reached between Plaintiff and Defendant Arria NLG ("Defendant"), ECF No. 11 (the "Motion"). The Honorable Susan D. Wigenton, U.S.D.J., referred the Motion to me for a Report and Recommendation. I have considered the Motion on the papers without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, I respectfully recommend that the Motion be **GRANTED**.

1. This is a collection action. The Complaint, which was filed on October 3, 2023, seeks, among other things, the payment of outstanding invoices for goods and services rendered. *See generally* ECF No. 1.

2. To date, Defendant has neither filed a responsive pleading nor entered an appearance on this docket, despite being served by Plaintiff. *See* ECF No. 4.[1]

---

[1] As noted below, although Defendant has not entered a formal appearance on this docket, Defendant's counsel participated in a status conference with me on March 27, 2024, to discuss settlement and

Instead, Defendant engaged with Plaintiff in settlement negotiations, and on or about February 9, 2024, all parties entered into and signed a settlement agreement (the "Agreement").  *See* ECF No. 11-2 ¶ 3; ECF No. 11-2, Ex. A. Pursuant to the Agreement, Defendant agreed to pay Plaintiff $87,026.02.  *Id.* Defendant agreed to pay Plaintiff this amount in installments, with the first installment due on February 15, 2024.  *Id.*  In addition to the amount and manner of payment, the Agreement also defines what constitutes default and the consequences for default.  *Id.* ¶¶ 4-6. Pursuant to Paragraph 2 of the Agreement:

> If payment of the entire amount of the Settlement Amount or any of the monthly installment payments (or any part thereof) is not made within the time and in the manner set forth above, [Plaintiff] shall be entitled to declare a default against [Defendant] and to give notice to [Defendant] of such default.  [Defendant] shall have thirty (30) days following the forwarding of such notice to cure such default by making the payment.  If the payment is not received by [Plaintiff] by 5:00 p.m. on the thirtieth (30th) day after the forwarding of notice of such default, time being of the essence, [Plaintiff] shall be entitled to apply to the Court, *ex parte*, for the entry of judgment against [Defendant] in the total amount of One Hundred Twenty Thousand Dollars ($120,000.00) less the total amount of any payments received from [Defendant] hereunder.

ECF No. 11-2, Ex. A ¶ 2.

3. After Plaintiff notified the Court that the parties had settled, *see* ECF No. 6, Judge Wigenton entered an administrative termination order pending the consummation of settlement.  ECF No. 7.  Pursuant to Judge Wigenton's order:

---

Plaintiff's anticipated motion to enforce the parties' settlement agreement. *See* March 27, 2024 Minute Entry.

"absent receipt from the parties of . . . a request to reopen the action within the 60-day period, the Court shall dismiss this action, without further notice, with prejudice and without costs." *Id.*

4. On March 19, 2024, within the 60-day period, Plaintiff notified the Court that Defendant had defaulted under the Agreement and had failed to make any payments. *See* ECF No. 8 at 1.

5. I held a status conference on March 27, 2024, to discuss Plaintiff's letter dated March 19, 2024, and the next steps in this litigation, including but not limited to the filing of the instant motion. *See* March 27, 2024 Minute Entry. Counsel for both parties participated in this conference. *Id.* Thereafter, I terminated the administrative termination deadlines and granted Plaintiff leave to move to enforce the Agreement. *See* ECF No. 10.

6. Plaintiff now moves to enforce the Agreement and enter judgment in its favor for $120,000. ECF No. 11. The Motion is unopposed.[2]

7. Because the Agreement was entered into by parties to a case pending before the Court, the Court has jurisdiction to enforce the Agreement. *See Jacobs v. City of Philadelphia*, No. 19-cv-4615, 2024 WL 3202549, at *3 (E.D. Pa. June 26, 2024) ("It is well settled that a district court has jurisdiction to enforce a settlement agreement entered into by parties to a case pending before the court."); *Chansky v. Calmare Therapeutics, Inc.*, No. 17-cv-583, 2018 WL

---

[2] Based on Defense counsel's participation in the March 27, 2024 status conference, *see* March 27, 2024 Minute Entry, and Plaintiff's certification that the Motion was served upon Defendant by mail and email, *see* ECF No. 11-3, I am satisfied that Defendant had ample notice and opportunity to oppose the Motion.

11449516, at *2 (D.N.J. Feb. 1, 2018) (finding that the Court had jurisdiction to enforce settlement where plaintiff "moved within 60 days of the administrative dismissal to enforce the settlement agreement and enter final judgment against Defendants").[3]

8. "In the Third Circuit, district courts treat a motion to enforce settlement under the same standard of review as a motion for summary judgment because the central issue is whether there is any disputed issue of material fact as to the validity of the settlement agreement." *Laverick v. Addiego*, No. 14-cv-3443, 2020 WL 3546807, at *2 (D.N.J. June 30, 2020). Courts grant motions to enforce settlement "when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law." *McKeon v. City of Asbury Park*, No. 19-cv-8536, 2020 WL 5747886, at *4 (D.N.J. Sept. 25, 2020) (citation omitted). Material facts are those facts "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Where the record taken as a whole could not lead a rational trier of fact to find for the

---

[3] Although this matter was briefly administratively terminated pending consummation of settlement, Plaintiff timely exercised its right to reopen the action with 60 days. *See* ECF Nos. 7, 8, 10. As such, this case remains active, the original claims have not been dismissed, and the Court need not find any alternate ground for jurisdiction. *C.f. Shell's Disposal & Recycling, Inc. v. City of Lancaster*, 504 F. App'x 194, 198 (3d Cir. 2012) ("Generally, if a federal court dismissed the original action due to settlement of the claims, a later motion for enforcement of the settlement is purely a matter of state contract law, and the federal court must have 'some independent basis for federal jurisdiction' to resolve the dispute." (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994))).

4

non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus.
Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal
quotation marks omitted).

9. A settlement agreement between parties in a lawsuit is a contract and is
therefore governed by state contract law. *Shell's Disposal & Recycling, Inc.*,
504 F. App'x at 200; *see also Mortellite v. Novartis Crop Prot., Inc.*, 460 F.3d
483, 492 (3d Cir. 2006) ("Under New Jersey law, a settlement agreement is a
form of contract, and courts must look to the general rules of contract law to
resolve disputes over a settlement agreement.").

10. "New Jersey law provides that 'where the terms of a contract are clear or
unambiguous. . . courts must enforce those terms as written.'" *Agnes ex rel.
Agnes v. E.I. Du Pont Nemours & Co.*, No. 98-cv-1405, 2011 WL 1322043, at *5
(D.N.J. 2011) (quoting *Impink ex rel. Baldi v. Reynes*, 935 A.2d 808, 812 (N.J.
Super. Ct. App. Div. 2007)).  Additionally, in New Jersey, there is a strong
public policy in favor of settlements. *See Nolan v. Lee Ho*, 577 A.2d 143, 146
(N.J. 1990).  "Courts will therefore 'strain to give effect to the terms of a
settlement wherever possible.'" *McDonnell v. Engine Distribs.*, No. 03-cv-1999,
2007 WL 2814628, at *3 (D.N.J. Sept. 24, 2007), *aff'd*, 314 F. App'x 509 (3d Cir.
2009) (quoting *Dep't of Pub. Advoc., Div. of Rate Couns. v. N.J. Bd. of Pub.
Utils.*, 503 A.2d 331, 333 (N.J. Super. Ct. App. Div. 1985)).

11. Here, applying the foregoing standard, I find that Plaintiff has carried its burden of showing that the parties entered into a valid and enforceable agreement to settle this action.

12. According to the evidence submitted by Plaintiff in support of the Motion— none of which has been controverted[4]—the parties entered into the written Agreement to settle this matter on or around February 9, 2024, which was signed by all parties. The Agreement addresses all the principal terms necessary to resolve the litigation between the parties. It defines the amounts to be paid, what constitutes default, and the consequences of default. There are no indications of fraud or other compelling evidence which would prevent this Court's enforcement of the Agreement. Thus, I find that Plaintiff is entitled to enforcement of the Agreement and judgment as a matter of law.

* * *

---

[4] I am mindful that, "[w]here material facts concerning the existence or terms of an agreement are in dispute, the parties must be allowed an evidentiary hearing." *See Tedesco Mfg. Co. v. Honeywell Int'l Inc.*, 371 F. App'x 316, 319 (3d Cir. 2010) (emphasis and internal quotations omitted). That is not the case here. The Motion is unopposed, and no material facts are disputed. I therefore find that it would be a waste of judicial resources to hold an evidentiary hearing on this Motion.

For the foregoing reasons, I respectfully recommend that Plaintiff's motion to enforce the settlement agreement be **GRANTED**, and a judgment in the amount of $120,000.00 be entered in favor of Plaintiff.

The parties have fourteen (14) days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); L. Civ. R. 72.1(a)(2), (c)(2). It is further **ORDERED** that the Clerk of Court shall **TERMINATE** the Motion pending at ECF No. 11 and activate this Report and Recommendation for the District Court's review. It is further **ORDERED** that Plaintiff shall serve this Report and Recommendation on Defendant immediately upon receipt.

HON. JOSE R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Dated: August 13, 2024